UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Respondent/Plaintiff,<br>vs.<br><br>GREGORY P. BURLESON,<br><br>                Petitioner/Defendant. | Case No.: 2:16-cr-00046-GMN-NJK-16<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Pending before the Court is Petitioner Gregory P. Burleson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"), (ECF No. 3605). The Government filed a Response, (ECF No. 3619).

Because Petitioner fails to establish either element under *Strickland v. Washington*, the Court **DENIES** Petitioner's § 2255 Motion.

I.    <u>**BACKGROUND**</u>

Following a jury trial in 2017, Petitioner was convicted of eight counts including assault on a federal officer, threatening a federal officer, obstruction of the due administration of justice, interstate commerce by extortion, interstate travel in aid of extortion, and three counts of using and carrying a firearm during and in relation to a crime of violence, all relating to his actions at the Bundy protest against the Bureau of Land Management's cattle roundup in Bunkerville, Nevada in April 2014. (J. at 1, ECF No. 2220); (§ 2255 Mot. 2:8–14, ECF No. 3605). Petitioner was originally sentenced to 819 months (68.25 years) in prison. (*See generally* J.). The sentence was later reduced to 32 years following a Motion for Compassionate Release/Reduction of Sentence. (*See generally* Order Granting Sentence Reduction, ECF No. 3574).

Petitioner appealed his conviction, and the Ninth Circuit upheld the conviction. (*See* Orders of USCA, ECF Nos. 3576–3579). Petitioner then filed a Petition for Writ of Certiorari with the United States Supreme Court, which was denied. (§ 2255 Mot. 2:24–25). Petitioner filed the instant § 2255 Motion which the Court discusses below. (*See generally id.*).

## II.     LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." *See Davis v. United States*, 417 U.S. 333, 344–45 (1974). To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("Brecht's harmless error standard applies to habeas cases under section 2255[.]"). Relief is warranted only upon the showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to

relief. *Id*. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

### III. DISCUSSION

Petitioner filed the instant § 2255 Motion, arguing that his conviction and sentence should be vacated based on the ineffective assistance of his trial counsel. (*See generally* § 2255 Mot.). Because the instant § 2255 Motion can conclusively be decided based on the existing record, the Court need not hold an evidentiary hearing.

To establish ineffective assistance of counsel, a petitioner must first show that his counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, a petitioner must show that he was prejudiced by his counsel's deficient performance. *See id.* at 692. Under this analysis, the question is whether "counsel's representation fell below an objective standard of reasonableness;" and the Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira–Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (as amended). "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "The benchmark for judging any claim of ineffectiveness must be whether counsel's actions so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Petitioner argues that his trial counsel was ineffective because he (1) failed to have Petitioner thoroughly examined to obtain additional facts and arguments; (2) advised Petitioner not to testify in his own defense when doing so would have resulted in his acquittal or a hung jury as it did for his co-defendant; and (3) failed to adequately present, explain and advise him

of the absolute necessity to accept a seven-year plea offer which would have had him out of prison by now. (§ 2255 Mot. 1:22–28). The Court takes up each of Petitioner's arguments in turn.

### A. Psychiatric Evaluation/Medical Defenses

Petitioner's several claims based on ineffective assistance of counsel begin with the allegation that his trial counsel failed to have him submit to a psychiatric evaluation even though he exhibited signs of having a "deranged mindset."[1] (*Id.* 4:19–23). Petitioner ultimately argues that his Fifth and Sixth Amendment rights were violated by trial counsel's failure to investigate and have a thorough psychiatric, medical, social, and personal examination and history of Petitioner to obtain facts and arguments for suppression of evidence, plea bargaining, determination of guilt, and mitigation at sentencing. (*Id.*).

Petitioner contends that trial counsel's failure to explore his psychiatric and/or medical issues as an avenue to suppress certain previous statements that were used against him at trial, would have affected the outcome of the criminal proceedings. (*See id.* 11:26–14:7). First, Petitioner argues that his "deranged mindset" was apparent based on his social media posts and communications with others. (*Id.* 5:13–9:8). Petitioner further avers that had his mental health conditions been evaluated, some of his statements would have been suppressed. (*Id.*). For instance, Petitioner contends that the only evidence of his unlawful conduct, and of his unlawful intent "is his unhinged, irrational, violent and disturbed statements on social media, and his otherwise uncorroborated and often unhinged bragging about his actions to [undercover law enforcement]". (§ 2255 Mot. 16–20). Petitioner avers that had he undergone a psychiatric evaluation then these statements would have been suppressed and he would have either been acquitted or received a lesser sentence. (§ 2255 Mot. 9:26–10:3). But Petitioner does not

---

[1] Petitioner refers to himself as having a "deranged mindset." However, Dr. Kirk Heilbrun, the psychologist who prepared Petitioner's Forensic Report, does not diagnose Petitioner as "deranged." (*See generally* Forensic Report, Ex. 3 to § 2255 Mot., Sealed ECF No. 3606-2).

explain why or how the statements would be suppressed by virtue of him submitting to an evaluation. Even more, Petitioner cites no case law holding that a defendant's statements are suppressible solely because of his mental health conditions.

Next, Petitioner argues that his trial attorney erred in not further exploring his alcoholism, which would have led to certain social media statements and statements to law enforcement being suppressed. (*Id.* 13:3–6, 14:13–14). This argument likewise has no legal support. Petitioner cites no case law in his nearly three-page argument on this topic, let alone case law holding that a defendant's statements are suppressible merely because they were made while intoxicated. In fact, the only case law addressing the admissibility of statements made while intoxicated involves statements a defendant makes during an interrogation, which is inapplicable to the statements Petitioner made on social media. *See United States v. Evanston*, 441 F. App'x 492, 492 (9th Cir. 2011) (citation omitted) ("Intoxication does not preclude voluntariness unless it reaches the level of incapacitation that overcomes the defendant's free will."). Even more, the Court addressed this very issue when ruling on a Motion to Suppress during the criminal proceeding, regarding statements Petitioner made to undercover law enforcement officers. *United States v. Burleson*, No. 2:16-CR-46-GMN-PAL, 2017 WL 484084, at *1–2 (D. Nev. Feb. 6, 2017). The Court found that Petitioner was not so intoxicated to the point that it overcame his free will, and that his statements to law enforcement officers were voluntary. *Id.*

Petitioner further avers that had trial counsel's efforts to suppress statements made on social media and to undercover law enforcement succeeded, trial counsel would have been able to discuss a more advantageous plea bargain for Petitioner, Petitioner would not have been found guilty at trial, and his sentence could have been mitigated. (§ 2255 Mot. 14:19–17:16). But again, Defendant offers no case law to support his argument, and the Court is unconvinced by Defendant's myriad arguments for the reasons discussed above.

In sum, Petitioner has failed to meet his burden of establishing ineffective assistance of counsel based on trial counsel's decision to forego a psychiatric or medical evaluation.

### B. Discouraged from Testifying

Next, Petitioner avers that his Fifth and Sixth Amendment rights were violated by trial counsel discouraging him from testifying in his own defense. (§ 2255 Mot. 17:17–19). Petitioner bears the burden of showing a reasonable possibility of constitutional error. *See Brecht*, 507 U.S. at 637. Here, Petitioner does not allege that he would have testified or even that he wished he had testified. Petitioner does not sufficiently plead that the outcome of his trial would be different had he testified, he merely speculates. Thus, the Court is not persuaded by Petitioner's argument that his trial counsel was ineffective in exercising his discretion to discourage Petitioner from testifying at trial.

### C. Plea Agreement

Lastly, Petitioner contends that his rights under the Fifth and Sixth Amendments were violated by trial counsel's failure to adequately present, explain, and underscore "the absolute necessity of accepting the Government's plea offer." (§ 2255 Mot. 19:12–15). With this ground for relief, Petitioner must establish a reasonable probability that his trial attorney's actions caused him to reject a plea offer which he otherwise would have accepted. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (applying the *Strickland* test to ineffective assistance claims from the plea process); *see also Escobedo v. United States*, 56 F. App'x 305, 306 (9th Cir. 2003). Petitioner's allegations here do not satisfy that standard. Petitioner does not explain the actions his trial counsel took when explaining the plea offer or whether trial counsel even discouraged him from accepting the offer. Moreover, at no point in Petitioner's § 2255 Motion does he state that he would have accepted the plea offer. Petitioner simply states that he "would be out of prison today *if* he had accepted it." (§ 2255 Mot. 19:24). The lack of an unequivocal statement falls far short of a "reasonable probability" that he would have accepted

the agreement had he known the potential sentence. *United States v. Fuentes-Garcia*, No. 2:09-cr-262-JCM-GWF, 2015 WL 1806822, at *4 (D. Nev. Apr. 21, 2015) (citing *Strickland*, 466 U.S. at 668).

Moreover, this case is teeming with evidence—from before the trial, during the trial, at sentencing, and in the § 2255 Motion and its exhibits—that Petitioner rejected the plea offer because he believed, and still believes, he is innocent. (*See e.g.* Burleson Case Statement at 2, ECF No. 1169); (Apr. 13, 2017 Jury Proceedings Tr. at 34–26, ECF No. 2004); (Sentencing Tr. at 11, 35–36, ECF No. 2497); (Forensic Report at 13, Ex. 3 to § 2255 Mot., Sealed). This evidence demonstrates that it is unlikely that Petitioner would have accepted the plea deal. (*See e.g.* Resp. 15:3–16–10); *see e.g. Lewis v. Dotson*, No. 3:24CV101 (DJN), 2024 WL 4584023, at *11 (E.D. Va. Oct. 25, 2024) ("[D]efense counsel is not obliged to recommend a plea agreement at all, let alone convince a client to change their mind. This is especially true for a client who maintains their innocence, and Lewis maintained his innocence throughout the case." (internal citations omitted)); *Gill v. United States*, No. CR RDB-13-0577, 2020 WL 3128953, at *9 (D. Md. June 12, 2020) (evidence of a defendant's proclamation of innocence can be used to show that a defendant would not have accepted a plea deal). The Court need not expand upon every example but describes one for illustration. In the § 2255 Motion, Petitioner proclaims his innocence by asserting that:

> Unlike many in the crowd, there was no evidence, photographic or otherwise, of [Petitioner] getting closer than about 75 yards from the federal officers. Nor is there any photographic evidence of [Petitioner] pointing his gun at anyone or having his finger on the trigger and no witness who testified that he did either of those things. . . Perhaps most importantly, no witness who was present at the scene of the protest testified to seeing [Petitioner] in the wash at all.

(§ 2255 Mot. 5:2–10). Thus, the Court does not find merit in Petitioner's contention that his trial counsel was ineffective in explaining a plea agreement which he was likely not willing to accept and concerned a crime that Petitioner states he did not commit. Accordingly,

Petitioner's § 2255 Motion is DENIED as to all claims.

**D. Certificate of Appealability**

The Court must now address whether Petitioner should be granted a Certificate of Appealability. Petitioners must receive a Certificate of Appealability from the court to proceed with an appeal of a § 2255 Motion Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). To warrant a Certificate of Appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483.

The Court has considered the issues raised by Petitioner, with respect to whether they satisfy the standard for issuance of a Certificate of Appealability and determines that none of the issues meet that standard. The Court, therefore, is required to DENY Petitioner a Certificate of Appealability.

**IV. <u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that Petitioner's § 2255 Motion, (ECF No. 3605), is **DENIED**.

**DATED** this   25   day of March, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court